# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14cv20

| | |
|---|---|
| JAMES ANTHONY TORCHIA, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| CHEROKEE COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| Defendants. | ) |

Pending before the Court is Defendants' Motion to Dismiss [# 7]. Plaintiff brought this action asserting federal claims pursuant to 42 U.S.C. § 1983, as well as the state law claims. Defendants move to dismiss the Complaint in part. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 7].

**I.    Background[1]**

Plaintiff is a residence of Woodstock, Georgia and a member of the North Carolina limited liability company MUNC, LLC ("MUNC"). (Pl.'s Compl. at p. 1, 3.) MUNC purchased property in Murphy, North Carolina in 2013. After

---

1 The Court notes that Plaintiff included new factual allegations in this his response to the Motion to Dismiss that are not set forth in the Complaint. The Court has disregarded any such allegations and considered only factual allegations set forth in the Complaint, as required when ruling on a Rule 12(b)(6) motion to dismiss.

-1-

purchasing this property, Plaintiff leased the property to Mary Panther. (Id. at p. 3.) Plaintiff contends that Panther was leasing this property for her son and unlawfully obtained the lease in her name. (Id.)

After Panther failed to pay rent, Plaintiff posted a note on the front door of the property asking her to vacate the premises. (Id.) Panther informed Plaintiff over the telephone that she intended to move out within the next few days. (Id.) Although Plaintiff was unable to confirm with Panther whether she had in fact moved out, one of Plaintiff's friends drove by the property and confirmed that it was vacant. (Id.) Another one of Plaintiff's friends confirmed that the property had been vacant for three weeks. (Id.) In addition, the power, phone, and water services had all been shut off. (Id.)

At some point, Plaintiff met with the Cherokee County Sheriff's Department in order to file a complaint against Panther for allegedly committing fraud on the lease application and damaging the rental house. (Id.) Corporal Daniel Sherill told Plaintiff that the matter was a civil one and that the Sheriff's Department could not do anything to prosecute Plaintiff's claim against Panther. (Id.)

Meanwhile, Plaintiff had a handyman visit the property to assess the damage. (Id.) The handyman confirmed that the property was vacant, and Plaintiff paid the handyman to remove the items of personal property that Panther

had left in the house, including several pieces of furniture that were infested with snakes and bugs and covered in rat feces. (Id. at p. 3-4.)

After the personal property was removed from the house and the locks were changed, Panther's boyfriend came by the house and saw that the personal property had been removed. (Id. p. 4.) Panther and her boyfriend then called the police and filed a police report alleging a burglary. (Id.)

Subsequently, Officer Tory Lee Shivers contacted Plaintiff, and the two individuals spoke about Panther and the removed property. (Id.) Officer Shivers informed Plaintiff that he had failed to follow the proper process for evicting a tenant. (Id.) An argument ensued, and Plaintiff lost his temper. (Id.) Plaintiff called Officer Shivers a "moron" and several profane names, at which point Officer Shivers hung up the phone. (Id.) Immediately after this conversation, a warrant for Plaintiff's arrest was issued upon the request of complaint by Officer Shivers and Officer C.E. Mathis. (Id. at pp. 4-5.) Plaintiff contends that after he yelled and cursed at Officer Shivers, Officer Shivers stopped the investigation and had Plaintiff arrested. (Id. at p. 4.)

Approximately a week after the issuance of the arrest warrant, officers pulled Plaintiff over in Cherokee County, Georgia for a traffic stop. (Id. at p. 5.) Plaintiff was then arrested and transported to Cherokee County, North Carolina.

(Id.) While he was held overnight in a jail in Cherokee County, North Carolina, Officer Shivers and other officers attempted to question Plaintiff despite his repeated requests to speak to his attorney. (Id.)

Several months after his arrest, the criminal case was dismissed for lack of probable cause because Panther had no rights to the property. (Id.) Plaintiff also obtained a civil judgment against Panther in state court. (Id.) Plaintiff now brings this action against the Cherokee County Sheriff's Department, Sheriff Keith Lovin, Officer Shivers, Officer Mathis, and Corporal Sherrill. Count One asserts a claim pursuant to Section 1983 for alleged violations of Plaintiff's First Amendment rights. Count Two asserts a Section 1983 claim for alleged violations of Plaintiff's Fifth, Sixth, and Fourteenth Amendment rights. Count Three asserts a state law claim for false arrest and false imprisonment. Count Four asserts a state law claim for assault and battery. Count Five asserts a claim for defamation of character. Defendants move to dismiss the Complaint in part. Plaintiff filed a response to the motion. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th

Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II.    Analysis**

**A.    The Claims Asserted against the Sheriff's Department**

As an initial matter, the Cherokee County Sheriff's Department is not a legal entity subject to suit in North Carolina. Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008); Bettis v. Madison Cnty. Sheriff's Dep't, No. 1:10-cv-69-RJC, 2012 WL 161250 (W.D.N.C. Jan. 19, 2012) (Conrad, C.J.); Jackson v. Wilkes Cnty., No. 5:11-CV-00042-RLV, 2012 WL 4753304 (W.D.N.C. Sept. 28, 2012) (Voorhees, J.); Robbinson v. Iredell Cnty. Sheriff's Office/Dep't, No. 5:09cv131-V, 2011 WL 5974535, at *1 n.1 (W.D.N.C. Nov. 29, 2011) (Voorhees, J.); Landry v. North Carolina, No. 3:10-cv-0585-RJC-DCK, 2011 WL 3683231 (W.D.N.C. Mar. 11, 2011) (Keesler, Mag. J.). There is no statute in North

Carolina authorizing a legal suit against a county sheriff's department. Parker, 583 F. Supp. 2d at 739; Bettis, 2012 WL 161250. Moreover, Plaintiff fails to point this Court to any legal authority authorizing such a suit against a sheriff's department. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted against Defendant Cherokee County Sheriff's Department.

**B. The Section 1983 Claims Asserted Against Sheriff Lovin**

As a threshold matter, the Complaint is devoid of any factual allegations that Sheriff Lovin personally took any action against Plaintiff. Rather, the Complaint alleges that Sheriff Lovin "was acting in his role and duties as sheriff in charge of his department and deputies who failed to properly investigate the case against [Plaintiff] and arrested [Plaintiff] illegally." (Pl.'s Compl. at p. 2.) The Court, therefore, will construe Plaintiff's claims against Sheriff Lovin as official capacity claims.

For purposes of Section 1983, an official capacity suit is treated as one against the municipality. Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013.) Municipal liability under Section 1983 cannot be based on respondeat superior. Id. at 469-70. Instead, a municipality is subject to Section 1983 liability only where the alleged unconstitutional act stems from an established municipal policy, practice, or custom. Monell v. Dep't of Soc. Servs of City of

New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035-36 (1978); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014); Santos, 725 F.3d at 470. "Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act, the sine qua non of Monell liability." Owens, 767 F.3d at 402.

Fatal to Plaintiff's official capacity Section 1983 claims against Sherriff Lovin is that the Complaint fails to allege a policy, custom, or practice that resulted in a violation of Plaintiff's rights as guaranteed by the United States Constitution. Moreover, the Complaint is devoid of a single factual allegation supporting a Monell claim. The Complaint alleges the commission of a single, isolated event, which is insufficient as a matter of law to state an official capacity Section 1983 claim against Sheriff Lovin. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the Section 1983 claims against Sheriff Lovin.

### C. The State Law Claims Asserted Against Sheriff Lovin

The doctrine of sovereign immunity bars actions against public officials in North Carolina sued in their official capacities absent waiver of immunity. Beck v. city of Durham, 573 S.E.2d 183, 190 (N.C. Ct. App. 2002); Summey v. Barker, 544 S.E.2d 262, 265, (N.C. Ct. App. 2001). "[S]heriffs are considered public officials for purposes of sovereign immunity." Dalenko v. Stephens, No. 5:12-

CV-122-F, 2014 WL 794045 (E.D.N.C. Feb. 27, 2014). Plaintiff, however, failed to allege a waiver of sovereign immunity in the Complaint, a necessary requirement to assert an official capacity claim against Sheriff Lovin. Sandhill Amusements, Inc. v. Sheriff of Onslow Cnty., 762 S.E.2d 666, 673 n.2 (N.C. Ct. App. 2014); Paquette v. Cnty. of Durham, 573 S.E.2d 715, 717 (N.C. Ct. App. 2002). Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the official capacity state law claims asserted against Sheriff Lovin.

### D. The Claims Asserted against Corporal Sherill

In order to assert a Section 1983 claim against Corporal Sherill, Plaintiff must allege that Corporal Sherill was personally involved in the deprivation of Plaintiff's constitutional rights. Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Here, the Complaint fails to assert any factual allegations that Corporal Sherill was personally involved in Plaintiff's arrest or subsequent questioning. Instead, the claims against Corporal Sherill are based on his alleged statement to Plaintiff that the issue with the fraudulent lease and damage to Plaintiff's property was a civil matter, and that the Cherokee County Sheriff's Department could not prosecute the claim criminally. (Pl.'s Compl. at p. 3.) Such allegations fail to rise to the level of a constitutional deprivation. The United States Constitution does not require officers to affirmatively protect one's property

against intrusion by private third parties.  Pinder v. Johnson, PFC, 54 F.3d 1169, 1174 (4th Cir. 1995).  And Plaintiff has not provided this Court with any legal authority that the action taken by Corporal Sherill in stating the matter with the lease and property damage were civil issues could establish a constitutional deprivation.  Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the Section 1983 claims against Corporal Sherill.

Similarly, the state law claims against Corporal Sherill are also subject to dismissal. The Complaint fails to assert any factual allegations that Corporal Sherill took actions related to the arrest and imprisonment of Plaintiff – the actions forming the basis of Plaintiff's state law claims against Defendants.  The Court, therefore, **RECOMMENDS** that the District Court Dismiss the state law claims against Corporal Sherill.

### E.     Count Two is Subject to Dismissal

The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  In order to protect this right against self-incrimination, the Supreme Court has adopted procedural safeguards from criminal suspects.  See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Accordingly, officers must provide a Miranda warning to criminal suspects in custody prior to

interrogating the suspect.  Id.   Once the suspect invokes his or her right to counsel, the custodial interrogation must generally cease until an attorney is present or the suspect invokes additional communications with the police.  Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85 (1981).

In Count Two Plaintiff alleges that the Defendants violated his constitutional rights by ignoring this request for an attorney and continuing to question him while he was in custody.  (Pl.'s Compl. at p. 6.)  While such allegations might suffice to prevent the use in a criminal trial of any statements made to the officers after Plaintiff requested counsel, such violations of the Miranda procedures do not amount to violations of the Fifth Amendment itself that can form the basis of a Section 1983 claim for damages.  Chavez v. Martinez, 538 U.S. 760, 772, 123 S. Ct. 1994, 2003-04 (2003) ("Chavez's failure to read Miranda warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action."); see also Jones v. Cannon, 174 F.3d 1271, 1290-91 (11th Cir. 1999) ("We agree with the Third, Seventh, Eight, and Tenth circuits that failing to follow Miranda procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created.").  Moreover, Plaintiff has not alleged that he was compelled to be a witness against himself in a criminal

case or set forth any factual allegations that could potentially support a Section 1983 claim based on a violation of the Fifth Amendment.[2] Chavez, 538 U.S. at 772-73, 123 S. Ct. at 2004; Burrell v. Virginia, 395 F.3d 508, 513-14 (4th Cir. 2005). Similarly, the Complaint is devoid of any factual allegations that the questioning of Plaintiff violated the Due Process Clause. See Chavez, 538 U.S. at 774-76, 123 S. Ct. at 2005-06.

Finally, Plaintiff's Section 1983 claim based on the Sixth Amendment also fails. The Sixth Amendment right to counsel attaches once the adversarial judicial proceedings are initiated. Kirby v. Illinois, 406 U.S. 682, 688, 92 S. Ct. 1877, 1881-82 (1972); U.S. v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Here, Plaintiff's right to counsel had not attached since there are no allegations that he was denied counsel after the initiation of judicial proceedings. See U.S. v. Ayala, 601 F.3d 256, 272 (4th Cir. 2010); U.S. v. Eligwe, 456 F. App'x 196, 197-98, n.2 (4th Cir. 2011). At most, Plaintiff was arrested pursuant to an outstanding arrest warrant and questioned after being transported to jail in the middle of the night.

---

2 While the act of continuing to question a suspect in custody after he or she has requested an attorney does not establish Section 1983 liability under the Fifth Amendment, the subsequent use of the improperly obtained statements in a criminal proceeding could potentially implicate the Fifth Amendment's right against self-incrimination. See e.g. Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1026-27 (7th Cir. 2006) (allowing a Section 1983 claims to proceed on the basis of a violation of the Fifth Amendment where the claimant's unwarned statements were used against her in a criminal case in a manner that implicated the Self-Incrimination Clause.). The Complaint, however, is devoid of any such allegations.

(Pl.'s Compl. p. 5.) There are no allegations that he was denied counsel after formal charges, a preliminary hearing, indictment, information, or arraignment. See Ayala, 601 F.3d at 272. The lack of such factual allegations is fatal to Plaintiff's Section 1983 claim based on the Sixth Amendment. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** Count Two in its entirety.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7]. The Court **RECOMMENDS** that the District Court **DISMISS** Count Two, all the claims asserted against Sheriff Lovin, all the claims asserted against Corporal Sherill, and all the claims asserted against the Cherokee County Sheriff's Department.

Signed: November 24, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).