THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:14-cv-00020-MR-DLH

| | |
|---|---|
| JAMES TORCHIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| CHEROKEE COUNTY SHERIFF'S ) | |
| DEPARTMENT, SHERIFF KEITH ) | |
| LOVIN, OFFICER TORY LEE ) | |
| SHIVERS, OFFICER C.E. MATHIS, ) | |
| CORPORAL DANIEL SHERILL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for resolution of the Defendants' Notice of Motion and Partial Motion to Dismiss the Complaint [Doc. 7]; the Plaintiff's Response to the Defendants' Motion to Dismiss [Doc. 8]; the Defendants' Reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss the Complaint [Doc. 9]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of such Motion [Doc. 12]; the Plaintiff's Objection to the Recommendation [Doc. 13]; and the Defendants' Reply to Plaintiff's Objections to Magistrate['s] Memorandum and Recommendation [Doc. 14].

## I. PROCEDURAL BACKGROUND

The Plaintiff James Anthony Torchia ("Plaintiff") brought this action on May 22, 2014 against the Defendants Cherokee County Sheriff's Department, Sheriff Keith Lovin, Officer Tory Lee Shivers, Officer C.E. Mathis, and Corporal Daniel Sherill, asserting (1) violation of his First Amendment freedom of speech rights, (2) violation of his Fifth, Sixth, and Fourteenth Amendment rights of due process and access to legal counsel, (3) false arrest and false imprisonment, (4) assault and battery, and (5) defamation of character. [Doc. 1]. The Plaintiff has asserted these claims in relation to his actions in evicting a lessee from his property in Cherokee County. [Doc. 12 at 1-4].

The Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims presented in the Plaintiff's Complaint for failure to state a claim. Specifically, the Defendants seek "dismissal of all claims in Plaintiff's Complaint against the Sheriff's Department, Sheriff Lovin, and Sherill because the Sheriff's Department is a nonsuable entity under state law, there are no allegations that Lovin or Sherill participated in the arrest, or that any Sheriff's Office policies caused the arrest, and there are no allegations that Sheriff Lovin waived immunity for the supplemental state claims." [Doc. 7 at 4]. Further, the Defendants

2

seek to dismiss the Plaintiff's second claim for relief, which was the Section 1983 claim for improper questioning based on the Fifth, Sixth, or Fourteenth amendments, "because that conduct did not violate the Plaintiff's constitutional rights." [Id.].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation regarding its disposition. On November 24, 2014, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that (1) the Court should dismiss all the claims asserted against the Defendant Cherokee County Sheriff's Department [Doc. 12 at 7], (2) the Court should dismiss the Section 1983 claims and the official capacity state law claims against Sheriff Lovin [Doc. 12 at 8-9], (3) the Court should dismiss the Section 1983 claims and the state law claims against Corporal Sherill [Doc. 12 at 10], and (4) the Court should dismiss the Plaintiff's Fifth, Sixth, and Fourteenth Amendment claims [Doc. 12 at 13]. The Plaintiff timely filed objections [Doc. 13], to which the Defendants have responded [Doc. 14].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff objects to two of the recommended conclusions of Magistrate Judge Howell. [Doc. 13]. Particularly, the Plaintiff contends that Sheriff Lovin and the Sheriff's Department are not immune from suit, and

4

that the Plaintiff properly alleged a claim against the Sheriff's Department. [Id.].

As the Magistrate Judge aptly noted, "the Cherokee County Sheriff's Department is not a legal entity subject to suit in North Carolina. Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008); Bettis v. Madison Cnty. Sheriff's Dep't, No. 1:10-cv-69-RJC, 2012 WL 161250 (W.D.N.C. Jan. 19, 2012) (Conrad, C.J.); Jackson v. Wilkes Cnty., No. 5:11-cv-00042-RLV, 2012 WL 4753304 (W.D.N.C. Sept. 28, 2012) (Voorhees, J.); Robbinson v. Iredell Cnty. Sheriff's Office/Dep't, No. 5:09cv131-V, 2011 WL 5974535, at *1 n.1 (W.D.N.C. Nov. 29, 2011) (Voorhees, J.); Landry v. North Carolina, No. 3:10-cv-0585-RJC-DCK, 2011 WL 3683231 (W.D.N.C. Mar. 11, 2011) (Keesler, Mag. J.)." [Doc. 12 at 6]. Although a county is a legal entity which may be sued in North Carolina, "there is no corresponding statute authorizing suit against a North Carolina county sheriff's department." Parker, 583 F. Supp. 2d at 740.

The Plaintiff argues that he should be allowed to sue the Sheriff's Department because the claims he asserts are based upon the United States Constitution rather than upon North Carolina law. [Doc. 13]. The Plaintiff misses the point. The county is an entity that is subject to suit under Section 1983, and Sheriff Lovin is also subject to suit under Section

1983 in his official capacity.  See Boyd v. Robeson County, 169 N.C. App. 460, 477, ___ S.E.2d ___, ___ (2005).  The "Cherokee County Sheriff's Department," however, is not such an entity.  The Court concurs with the Magistrate Judge's assessment, and accordingly this objection is overruled and the claim asserted against the Sheriff's Department should be dismissed.

The Plaintiff correctly notes that Sheriff Lovin in his official capacity is amenable to suit pursuant to Section 1983.  As Magistrate Judge Howell properly noted, the Plaintiff's allegations against Sheriff Lovin related to Sheriff Lovin acting in his official capacity.  [Doc. 12 at 7].  As Magistrate Judge Howell also noted, "an official capacity suit is treated as one against the municipality" for Section 1983 purposes.  [Id., citing Santos v. Frederick Cnty. Bd. Of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013)].  According to Monell v. Dep't of Soc. Servs of City of New York, 436 U.S. 658, 690 (1978), however, Section 1983 liability only applies to a municipality "where the alleged unconstitutional act stems from an established municipal policy, practice, or custom."  The Plaintiff makes no such allegation.  Rather, the Plaintiff argues that the "claims [against] Sheriff Lovin are against him in his role as sheriff because the sheriff is [in] charge of the hiring, firing, training, supervising of employees and creating/implementing policies and

6

procedures." [Doc. 13]. As such, the Plaintiff asserts that Sheriff Lovin was acting in his official capacity, but that allegation is insufficient without an allegation relating to the offending policy, custom or practice. The Plaintiff argues that he did allege a policy, custom, or practice that violated his rights. [Id.]. The Plaintiff, however, only alleges a single arrest incident involving Sheriff Lovin. This does not sufficiently state a Section 1983 claim against him. Plaintiff has asserted nothing regarding a policy, custom or practice. The Court concurs with the Magistrate Judge's assessment, and accordingly this objection is also overruled.

The Plaintiff did not object to the Magistrate Judge's recommendation that the claims against Corporal Sherrill be dismissed. Having reviewed the recommendation and the record it appears that the dismissal of the claims against this Defendant would be proper and consistent with the law for the reasons stated by the Magistrate Judge.

IV. **CONCLUSION**

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the

Plaintiff's Objections to the Memorandum and Recommendation are overruled.

**O R D E R**

**IT IS, THEREFORE ORDERED** that the Plaintiff's Objections [Doc. 13] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 12] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendants' Partial Motion to Dismiss the Complaint [Doc. 7] is **GRANTED;** thus, Count Two of the Plaintiff's Complaint is **DISMISSED,** all the claims asserted against Sheriff Lovin are **DISMISSED,** all the claims asserted against Corporal Sherill are **DISMISSED,** and all the claims asserted against the Cherokee County Sheriff's Department are **DISMISSED**.

**IT IS SO ORDERED.**

Signed: January 19, 2015

Martin Reidinger
United States District Judge